{¶ 15} I respectfully dissent because the record shows that the trial court did not comply with Crim.R. 11(C)(2)(a). The statute mandates that in felony cases, the trial court address the defendant and determine that said defendant understands the nature of the charges, the maximum penalty involved and "that the defendant is not eligible for probation or for the imposition of community control sanctions[.]"
 {¶ 16} Crim.R. 11(C)(2)(a). The statute clearly delineates the trial court's responsibility on the matter, and in the instant case, the court did not comply.
 {¶ 17} Assuming arguendo that the substantial compliance test crafted by the Ohio Supreme Court and employed by the majority is a proper one, I cannot definitively conclude that Appellant "subjectively underst[ood] the implications of his plea" given the discourse between Appellant and the trial court. See Nero, 56 Ohio St.3d at 108.
 {¶ 18} Additionally, nothing in the record attests that Appellant agreed to the sentence in exchange for the plea. Existence of such an agreement would be an indicator that Appellant gave the plea knowingly, intelligently and voluntarily. Absent such evidence, and absent an express statement by the trial court, or an explanation of the mandatory nature of the sentence to be imposed, I cannot assume under either the statute or the substantial compliance test, that Appellant understood or subjectively understood the implications of his plea. See Crim.R. 11(C)(2)(a); Nero, 56 Ohio St.3d at 108.
 {¶ 19} Therefore, I respectfully dissent.